Argued and submitted September 13, 2018; conviction on Count 1 reversed and remanded, remanded for resentencing, otherwise affirmed February 5, 2020

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

RONNIE BLAINE SIMMONS,
*Defendant-Appellant.*

Washington County Circuit Court
16CR20383; A163661

460 P3d 521

Defendant appeals a judgment of conviction pursuant to a bench trial for possession of a controlled substance, ORS 475.834, and delivery of a controlled substance, ORS 475.830(2). He assigns error to the trial court's denial of his motion to suppress statements that he made to a detective after a scale and oxycodone were found in his car. Defendant contends, among other things, that ORS 136.425(1) requires suppression because the trial court found facts showing that the detective induced the statements with the promise that the charges could be dismissed, and that the trial court erred in concluding otherwise. He contends further that the error was not harmless as to his conviction for delivery. *Held*: The trial court erred in denying defendant's motion to suppress because it found that the detective offered defendant the hope that the charges would be dismissed and defendant's statements "follow[ed] in consequence of the hopes thereby excited." *See State v. Jackson*, 364 Or 1, 22, 430 P3d 1067 (2018) (quoting *State v. Wintzingerode*, 9 Or 153, 163 (1881)). That error was not harmless, because the court expressly relied on the statements at issue to convict defendant of delivery of a controlled substance.

Conviction on Count 1 reversed and remanded; remanded for resentencing; otherwise affirmed.

Andrew Erwin, Judge.

Kali Montague, Deputy Public Defender, argued the cause for appellant. Also on the briefs was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Jacob R. Brown, Assistant Attorney General, argued the cause for respondent. On the brief were Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Peenesh Shah, Assistant Attorney General.

Before Ortega, Presiding Judge, and Lagesen, Judge, and Powers, Judge.*

LAGESEN, J.

Conviction on Count 1 reversed and remanded; remanded for resentencing; otherwise affirmed.

_____

   * Lagesen, J., *vice* Garrett, J. pro tempore.

**LAGESEN, J.**

Appealing a judgment of conviction pursuant to a bench trial for possession of a controlled substance, ORS 475.834, and delivery of a controlled substance, ORS 475.830(2), defendant assigns error to the trial court's denial of his motion to suppress statements that he made to a detective after a scale and oxycodone were found in defendant's car. Defendant contends, among other things, that ORS 136.425(1) requires suppression because, in his view, the facts found by the court show that his statements were induced by the promise of a benefit extended by the detective who interviewed him and that the court erred in concluding otherwise. He contends further that the error was not harmless as to his conviction for delivery and requires reversal of that conviction. We agree and, accordingly, reverse defendant's conviction for delivery.

While driving on Highway 26, defendant failed to drive within his lane and also executed an illegal lane change. Deputy Yazzolino observed these infractions and stopped defendant for them. While Yazzolino was getting defendant's information, another deputy—Maller—arrived on the scene accompanied by Taz, a drug-detecting dog. Taz in short order detected drugs in defendant's car. Maller then searched the car, finding a digital scale covered with a white powdery residue, a prescription pill bottle containing several oxycodone pills, small plastic baggies, and cut straws.

At that point, Maller arrested defendant and advised him of his *Miranda* rights. Yazzolino took defendant around the corner to meet with Detective Betonte, who worked for the Westside Interagency Narcotics Team. Betonte communicated to defendant that continuing to talk to him could be beneficial, specifically (as the trial court later found), that "if the defendant was willing to talk with him that maybe something could be done. Maybe he could talk with the DA's Office, maybe he'd dismiss the charges." During his conversation with Betonte, defendant confessed to giving another person two oxycodone pills earlier in the day. Following the interview with Betonte, defendant was transported to jail.

Before trial, defendant orally moved to suppress evidence of the statements to Betonte. Defendant's theory was

that Betonte had improperly induced him to make those statements, in violation of ORS 136.425, Article I, section 12, of the Oregon Constitution, and the Fifth Amendment to the United States Constitution. Defendant argued that he reasonably believed—based on what Betonte communicated to him—that talking to Betonte could lead to him not going to jail or not being charged:

> "When we're looking at the *Miranda* issue we are looking at in part it is a person in the defendant's circumstance would have believed the officer was making a promise, and the reason they would have relied on that in making the confession and making those statements. \*\*\* And that this detective went through and told him you know, if you talk to me if you cooperate I can get you something. His exact words are not necessarily the crutch [*sic*] here. The crutch [*sic*] here though is in part what was [defendant's] understanding of that conversation? He was confused as to him being taken to jail because his conversation with Deputy Betonte. His reasonable belief was that if he answered these questions, if he talked to them, that he would not be arrested, that these charges could go away, that he wasn't going to be going to jail that day."

The trial court denied the motion. Although it noted that it could not ascertain the precise words of the parties' conversation, the court found that Betonte communicated to defendant that "if the defendant was willing to talk with him that maybe something could be done. Maybe he could talk to the DA's Office, maybe he'd dismiss the charges." The court found further that Betonte did not make any express promises to defendant, and that Betonte relayed to defendant that Betonte himself did not have the power to make anything happen. The court also found that defendant subjectively believed that it would be better for him to cooperate with Betonte's questioning. These circumstances, the court concluded, did not demonstrate that defendant's will was overborne when he made his statements to Betonte.

As noted, the trial court found defendant guilty of possession of a controlled substance and delivery of a controlled substance. In finding defendant guilty of delivery, the court relied, in part, on defendant's statements to Betonte.

Defendant appealed. On appeal, he contends that the trial court erred in denying his motion to suppress. He argues that the court erred when it concluded that Betonte's statements did not constitute promises or "inducements" of the sort rendering defendant's admissions to him subject to suppression. He argues further that, under our decision in *State v. Belle*, 281 Or App 208, 383 P3d 327 (2016), the court was required to grant defendant's motion once it found that defendant had a subjective belief that talking with Betonte would be to his benefit. The state responds that the court correctly concluded that Betonte did not induce defendant's confession and, alternatively, that any error is harmless.

We review a trial court's ruling on a motion to suppress for legal error, deferring to the trial court's explicit and implicit factual findings. *Belle*, 281 Or App at 210.

We start—and finish—with defendant's contention that suppression is required under ORS 136.425(1). That statute provides:

"A confession or admission of a defendant, whether in the course of judicial proceedings or otherwise, cannot be given in evidence against the defendant when it was made under the influence of fear produced by threats."

That statute "embod[ies] the common-law rule that confessions made by a defendant in custody that were ' "induced by the influence of hope or fear, applied by a public officer having the prisoner in his charge," ' are inadmissible against the defendant." *State v. Jackson*, 364 Or 1, 21, 430 P3d 1067 (2018) (quoting *State v. Powell*, 352 Or 210, 218, 282 P3d 845 (2012) (quoting *State v. Wintzingerode*, 9 Or 153, 163 (1881))). For purposes of ORS 136.425, a promise constitutes an improper inducement if it communicates to the prisoner the idea of a "temporal benefit or disadvantage," thereby causing the prisoner to confess:

"The precise form of words in which the inducement is presented to the [defendant's] mind is immaterial. It is sufficient if they convey to him the idea of temporal benefit or disadvantage, and his confession follows in consequence of the hopes thereby excited."

*Wintzingerode*, 9 Or at 163; *Powell*, 352 Or at 218.

Applying that standard, the Supreme Court has concluded that officers improperly induced a defendant's confession by telling him that he was in a "tough spot," that his "best bet" was to confess and seek leniency from the court, that it "might be" better for the defendant to confess, and that the officers would fight the defendant if he chose to take the "hard way." *State v. Linn*, 179 Or 499, 504-07, 173 P2d 305 (1946). We, too, have considered the types of promises that implicate the statute, concluding in *Belle* that a detective's promise to a suspect, who was a member of the National Guard, that a matter could be handled at the state level and not under the military code, was the type of promise of a benefit prohibited by ORS 136.425(1). *Belle*, 281 Or App at 211, 216.

Applying that standard here, we conclude that Betonte's statements to defendant, as found by the trial court, constituted an impermissible inducement under ORS 136.425(1). The court found that Betonte communicated to defendant that "if the defendant was willing to talk with him that maybe something could be done. Maybe he could talk with the DA's Office, maybe he'd dismiss the charges." Not unlike the statements in *Linn* and *Belle*, Betonte's remark communicated to defendant the idea that there would be a "temporal benefit" to continuing to talk with Betonte—in this case, that "maybe something could be done," that Betonte could talk to the district attorney, and that maybe the district attorney would dismiss the charges. In other words, Betonte's statements to defendant offered defendant the hope that, if he continued to talk with Betonte, Betonte would intercede on his behalf with the prosecutor. The hope that Betonte offered may have been thin—Betonte told defendant that continuing to talk "maybe" would lead to something being done and Betonte interceding on defendant's behalf with the prosecutor— but he offered hope nonetheless to encourage defendant to talk.[1]

---

[1] It is worth observing that statements like Betonte's undercut the *Miranda* warnings by suggesting that what a defendant says may end up averting a criminal proceeding completely, instead of being used in court against the defendant— thereby increasing the risk that such statements will, in fact, operate to induce a defendant to talk when he or she otherwise would not.

The remaining question is whether defendant's statements to Betonte "follow[ed] in consequence of the hopes thereby excited." The trial court's findings answer that question as well. After finding that Betonte made the comments that he did, the court found that it was defendant's "belief that if he was forthcoming and voluntarily—voluntarily cooperated with the questioning that it was very likely that it would go better for him." That finding compels the conclusion that Betonte's offer of a benefit induced defendant to continue to talk to him in the hope that talking would lead to the benefit that Betonte offered. *See Belle*, 281 Or App at 215 ("Once the trial court found as fact that defendant's confession was induced by [the detective's] statements, then it necessarily follows as a matter of law that the confession could not be admitted under ORS 136.425."). In other words, the facts found by the trial court compel the conclusion that defendant's statement was the product of the hope generated by Betonte's representations to defendant about the possible benefits of talking. The court therefore erred when it denied the motion to suppress.

That leaves the issue of harmlessness. Defendant concedes—and we agree—that the error is harmless with respect to his conviction for possession of a controlled substance. With respect to his conviction for delivery, however, the error was not harmless. That is because the trial court expressly relied on the statements at issue to convict defendant. As a result, we cannot conclude that there is little likelihood that the error affected the court's verdict. *See State v. Davis*, 336 Or 19, 32, 77 P3d 1111 (2003) (articulating test for harmless error).

Conviction on Count 1 reversed and remanded; remanded for resentencing; otherwise affirmed.